Recording requested by and When recorded return to:
DocSolutionUSA, LLC
2316 Southmore Ave
Pasadena, TX 77502
Prepared By: American Mortgage Investment Partners
Management, LLC, as Attorney in Fact

| | |
|---|---|
| Original Mortgage: | $71,000.00 |
| New Principal: | $98,546.98 |
| Unpaid Principal: | $69,291.66 |
| Capitalized Amount: | $29,255.32 |

APN/Tax Parcel Number(s): 0276-F-00146-0000-00, Borough of Emsworth

LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") is made and entered into as of **7/20/2026**, by and between Ronald W. Thomson, whose address is 224 Camp Horne Rd, Pittsburgh, PA 15202 ("Consumer") and Wilmington Savings Fund Society, FSB, As Owner Trustee of the Residential Credit Opportunities Trust IX-B, whose address is 3020 Old Ranch Parkway Suite 180, Seal Beach, CA 90740 ("Lender"), with reference to the following facts and circumstances:

RECITALS

A. Lender or its predecessor in interest made a loan (the "Loan") to Consumer in the original principal amount of **$71,000.00** evidenced by that certain "Promissory Note" and other related loan agreements and documents (collectively, the "Loan Documents") dated **6/16/2005** and modified **12/1/2019**. The Note ("Note") is secured by real and personal property collateral including, without limitation, a Security Instrument (the "Security Instrument") encumbering certain real property located at: 224 Camp Horne Rd, Pittsburgh, PA 15202 (the "Property") and improvements thereto (if any). Said property is legally described in "Exhibit A" Attached.

The current Unpaid Principal Balance (UPB) of the Note is **$69,291.66** with current rate of **3.875%** **[Fixed Rate]**. The maturity date of the Note is **12/1/2059**. The Current Deferred Unpaid Balance is **$22,050.00**; The Current unpaid/accrued interest on the Note totals **$2,898.45**; Unpaid charges total **$1,603.58**; Lender Advancement for escrow shortage is **$955.79**; Negative escrow balance is **$1,882.19**; The funds held in Suspense in the amount of **$134.69** shall be applied towards existing arrears leaving the balance at **$29,255.32** good through **7/1/2026**. Consumer is in default of the Note and Loan Documents for failure to pay the **5/1/2021** through **7/1/2026** installments plus all accrued late charges, etc.

B. Consumer has requested that Lender agree to modify the Note as the same may be modified hereby. Lender is willing to do so on the terms set forth herein. The Loan Documents, as modified, amended or supplemented by this Agreement, shall remain in full force and effect.

C. Consumer shall be responsible for any outstanding and/or trailing invoices that are identified at a later date and not included in the recitals outlined above in Section A. These will be added as a loan charge to the account and are to be paid by Consumer.

Prev. Rec. Info: 6/24/2005 Book No. 30216 Page No. 468 Instrument No. 2005-73796

Consumer Initials _____

Page | 1

WHEREFORE, IN CONSIDERATION OF THE FOREGOING AND THE MUTUAL CONDITIONS AND AGREEMENTS CONTAINED HEREIN, CONSUMER AND LENDER AGREE AS FOLLOWS:

1. **Approval by Bankruptcy Trustee and Bankruptcy Court Approval.** Grantor shall file a motion to approve this modification agreement in the bankruptcy proceedings in **BK 13 No. 21-20958** in the United States Bankruptcy Court within twenty-one days after Grantee signs this agreement. Should the bankruptcy court deny the approval of this loan modification agreement, then this loan modification agreement shall have no force and effect.

2. Loan Modification. Upon receipt of this fully executed agreement and the funds outlined below, the Lender agrees to modify the Loan. Effective **7/1/2026**, the amount payable under the Note and Security Instrument ("the Unpaid Principal Balance") shall be increased to **$98,546.98** consisting of the amount(s) loaned to Consumer by Lender, which includes the arrears capitalized of **$29,255.32**. The arrears are limited to unpaid interest, escrows and any legal fees and related foreclosure costs that may have been accrued for work completed itemized in Section A above. The Consumer will be required to pay the unpaid principal balance in the event of a refinance, pay off the loan, any transfer of interest in the home, default of any terms as set forth in this Agreement, or at loan maturity. The Maturity of the Loan will be reset to **7/1/2056**.

3. Consumer promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the changed yearly rate of **6.330% [Fixed]**. The New Monthly installment payments shall be **$1,089.80**. This amount consists of Principal and Interest (P&I) amount of **$611.91** and Monthly Escrow Impounds for Property Taxes and Homeowners Insurance of **$477.89** (T and I). The escrow portion of the loan payment quoted on the Agreement may fluctuate due to changes in tax assessments and/or increase in insurance premium due. Consumer understands there is an Escrow Shortage for the Impound account due in the amount of **$955.79**.

   Lender agrees to advance the initial payment of **$955.79** which shall be applied towards the Escrow Deposit/Shortage.

   Consumer shall be fully responsible for paying any "delinquent" Property Taxes and "delinquent and future" Homeowners Insurance or Homeowners Association fees that became due prior/and after the effective date of this modification agreement and shall show proof to Lender upon request.

4. Beginning **8/1/2026**, Consumer promises to pay **$1,089.80** and shall continue making monthly payments on the due date of each succeeding month thereafter, until principal and interest are paid in full. If on **7/1/2056** (the "Maturity Date"), Consumer still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Consumer will pay these amounts in full at that time.

5. Total of Payments Disclosure: Consumer acknowledge that I am indebted to ("Lender") in the amount of **$220,287.60** should I make all payments as scheduled in the Loan Modification Agreement. This amount includes the Principal and Interest that would be paid through the life of this Agreement. However, should Consumer choose to refinance or sell the Property prior to the Maturity Date, a payoff quote will be calculated consistent with the remaining Unpaid Principal Balance as detailed in Section 2.

Consumer fully intends to pay this loan through the proposed Loan Modification with the terms that have been provided.

Consumer(s) Initials _____                                                                 Page | 2

6. <u>Time is of the Essence, Return Agreement as soon as Possible.</u> Please be aware if the signed agreement is not returned/received with the agreed upon funds within 14 days of receipt, this offer is null and void.

7. <u>Interest Rate.</u> Lender agrees that the interest rate at which interest accrues on the unpaid principal balance of the Note shall be modified to **6.330% [Fixed]** and will continue through the Maturity Date of **7/1/2056.**

8. <u>Payments:</u> Consumer shall send all payments to: FCI LENDER SERVICES, INC., 8180 E. KAISER BLVD., ANAHEIM HILLS, CA 92808; 1-800-931-2424, Monday through Friday 8:00 am to 5:00 pm.

9. <u>Assignment of Leases and Rents Receivership:</u> The existing Mortgage and Note shall be amended to include the following: In the event, that loan is in default and Consumers are generating any gross income from the property by a tenancy or any other arrangement. Consumers agree to Irrevocably assign and transfer to Lender the right title and interest of Consumer in all existing and future leases and agreements whether or not in writing and any rents and deposits derived and collected therefrom, affecting and pertaining to the use, enjoyment or occupancy of any part of the premises. Consumer consents to the entry by Lender, Lender's agent, or court appointed receiver or designee, to enter the premises to collect the rents and enforce the leases. Consumer further consents and waives opposition to the appointment of a court appointed Receiver in the event the loan is in default.

10. <u>Additional Agreements:</u>

Consumer agrees to the following:

a. In the event Consumer defaults under this Agreement, without waiving any rights and remedies otherwise available to Lender, Lender shall thereupon be entitled to require, and Consumer irrevocably consents to enter either Lender' Deed-In-Lieu or Short Sale program with respect to the Property. Under the Deed-In- Lieu program you will voluntarily transfer ownership of the Property to Lender or Lender's designee to satisfy the amounts due on the Loan. The Short Sale program is specifically designed to assist with the sale of the Property to avoid foreclosure, even if the sale price may not pay off the amount owed on the Loan.

b. Consumer will execute such other documents as may be necessary to consummate the terms and conditions of such Deed-In-Lieu or Short Sale program and will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or affidavit(s) that are necessary or required by the Lender's procedures in connection with such program(s).:

11. <u>Conditions:</u> Lender's agreement to forbear and modify loan shall be subject to Consumer's full and timely satisfaction of all the terms listed in this Agreement and the following conditions:
   a. Insurance and Property Taxes. At all times during the term of this agreement Consumer must 1) Maintain adequate homeowner's insurance; and 2) keep all property taxes and utilities paid current.
   b. Application of Payments upon Cancellation. If this Agreement is cancelled due to Consumer's non-compliance, the Loan will revert retroactively back to the original terms.
   c. Termination. Lender's agreement to defer, forbear and modify loan shall automatically terminate, without further notice, act or instrument, upon the occurrence of any of the following events:
   - If a petition for relief under any federal or state bankruptcy, reorganization or insolvency statute or law is filed by or against Consumer or any guarantor of the Loan or any general partner of Consumer or of any guarantor of the Loan after the Effective Date of this agreement; or

Consumer(s) Initials _____

- Consumer fails to timely perform and observe any of the covenants, agreements and obligations contained in the Loan Documents, except for the obligation of the Consumer to make payments of Principal and interest; or

- Consumer fails to timely perform any of the other covenants, agreements and obligations set forth in this Agreement; or

- Consumer fails to pay off the Note (in full) on or before 5:00 p.m. (Pacific Time) on the Maturity Date set forth in this Agreement; or

- If all or any part of the Property or any interest in, is sold or transferred (or if Consumer is not a natural person and a beneficial interest in; Consumer has sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument. If Lender exercises this option, Lender shall give Consumer notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Consumer must pay all sums secured by the Security Instrument. If Consumer fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Consumer.

12. <u>Termination of Loan Modification.</u> In the event Consumers default as hereinabove defined, then all loan modifications agreed to in writing by Lender may be null and void. At Lender's discretion all terms of the Mortgage may revert back terms prior to this Agreement and condition, as if this Agreement had no force or effect and ("Lender") at its option continue with foreclosure. The undersigned parties hereby agree to waive any defenses as to the enforcement of any default in the terms of this Agreement and judgement for foreclosure upon any default in the terms of the Agreement. Any waiver of arrears and Unpaid Principal Balance reductions shall be null and void and shall be added back to the balance of the loan. Any funds received from Consumer during the trial period shall be applied to the amount owed at Lender's discretion, including but not limited to the following order: charges, late fees, interest, then principal.

13. <u>Change in Financial Status.</u> In the event Consumer or any successor or assignee, shall (i) file with any bankruptcy court of competent jurisdiction or made the subject of any petition under Title 11 of the United States Code, as amended ("Bankruptcy Code"); (ii) be the subject of any order for relief issued under the Bankruptcy Code; (iii) file or be the subject of any petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors; (iv) have sought, or consenter to, or acquiesced in, the appointment of by any court of competent jurisdiction approving a petition filed against such party for any reorganization, any trustee, receiver, conservator, or liquidator, or, (v) be the subject of any order, judgment or decree entered arrangement composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relation to bankruptcy, insolvency, or other relief for debtors, then subject to court approval, Lender shall thereupon be entitled and Consumer irrevocably consents to relief from any automatic stay imposed by Section 362 of the Bankruptcy Code or otherwise, on or against the exercise of the rights and remedies otherwise available to Lender, including, but not limited to, immediate termination of this Agreement and filing and/hereby irrevocably agrees that he/she shall not object to and hereby irrevocably waives his/her rights to object to Lender's requests for such relief. This provision is a material inducement for Lender to enter into this Agreement.

14. <u>Meaning of Terms.</u> All terms and/or phrases used in this Agreement shall have the respective meanings ascribed to them in the Loan Documents except as otherwise defined herein to the contrary.

15. <u>Conditions.</u> Lender's obligations hereunder and Consumer's ability to enforce this Agreement are subject to and conditioned upon the following: (i) the Security Instrument has suffered no loss of priority as against other liens or encumbrances recorded against the Property; and (ii) Consumer and any guarantor(s) of the Loan shall have executed and delivered a copy of this Agreement to Lender.

Consumer(s) Initials _____

Page | 4

16. <u>Release of Lender.</u> In consideration of Lender's modification of the Loan Documents under this Agreement, Consumer hereby waives and releases Lender, its officers, directors, employees, agents, attorneys, successors, and assigns from any and all actions, causes of action, claims, damages, demands, liability and loss occurring prior to the date of this agreement or, arising from or relating to the Loan, including, but not limited to, Consumer's original loan applications and the making, funding and administration of such loan.

17. <u>Advice from Financial Advisor.</u> The parties understand that this is a legally binding agreement that may affect such party's rights. Each party represents to the other that it had the opportunity to receive financial and/or legal advice from the advisor and/or counsel of its choice regarding the meaning and legal significance of this Agreement and that it is satisfied with any advice received from such advisor and/or legal counsel.

18. <u>No Coercion.</u> Consumer acknowledges and represents to Lender that in entering into this Agreement, Consumer has not been subjected to any coercion or any other undue influence and has exercised Consumer's own free will.

19. <u>Miscellaneous.</u>

   a. <u>Entire Agreement.</u> This Agreement represents the entire integrated agreement between the parties relating to the subject matter of this Agreement. The parties agree that there are no other agreements or understandings, written or oral, express or implied, tacit or otherwise in respect of the subject matter of this Agreement. This Agreement may be amended only in writing.

   b. <u>Attorneys' Fees.</u> If any action is threatened or commenced to interpret or enforce the terms and provisions of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs of suit from the other.

   c. <u>Fair Meaning.</u> This Agreement shall be interpreted according to its fair meaning and not for or against any party hereto or the drafter of the agreement. This Agreement has been negotiated between independent counsels separately representing each party to this Agreement.

   d. <u>Cooperation.</u> The parties hereto agree to cooperate with each other to the extent necessary to affect the purposes of this Agreement, including without limitation executing additional documents, providing introductions to other persons and providing copies of books and records.

   e. <u>Counterparts.</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. This Agreement may be executed by facsimile signatures which shall be deemed original signatures for all purposes.

   f. <u>Successors and Assigns.</u> This Agreement shall bind the successors, assigns, heirs, administrators and executrixes of each party hereto.

   g. <u>Sole Parties.</u> This Agreement is made exclusively for the benefit of and solely for the protection of the parties hereto, and no other person or persons shall have the right to enforce the provisions hereof by action or legal proceedings or otherwise.

This agreement has been solely negotiated between the consumer and lender. FCI Lender Services will not be liable for any disputes arising out of this expedited agreement. Each party will hold harmless and indemnify FCI Lender Services for the facilitation of this document.

No changes to the FCI Lender Services system will be made without the signed agreement from the consumer and the majority approval of the lender.

<u>MORTGAGOR'S SIGNATURE AND NOTARY SECTION ON NEXT PAGE</u>

Consumer(s) Initials _____

IN WITNESS WHEREOF, the parties have executed and entered into this Agreement as of the day and year first above written.

CONSUMER: If you are in agreement with the Modified Terms, please sign in the space provided below of this Loan Modification Agreement in the presence of a Notary.

MORTGAGOR'S SIGNATURE AND NOTARY SECTION

_____     7/30/26
Name: Ronald W. Thomson                              Date

## PENNSYLVANIA NOTARY ACKNOWLEDGEMENT

STATE OF PENNSYLVANIA      }

COUNTY OF _ALLEGHENY_ }

On this the 30TH day of __July__, 20 26, before me _Ronald W. Thompson_, the undersigned officer, personally appeared Ronald W. Thomson, known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged that Ronald W. Thompson executed the same for the purpose therein contained.

In witness whereof, I hereunto set my hand and official seals.

(Seal/Stamp)

Commonwealth of Pennsylvania - Notary Seal
Gary L. Ciao, Notary Public
Allegheny County
My commission expires September 24, 2026
Commission number 1026805
Member, Pennsylvania Association of Notaries

_____
Signature of Notary Public

Pennsylvania Certificate of Residency:

The Consumer(s), _Ronald W. Thomson_, swears to be a legal resident of the State of _Pennsylvania_ residing at the mailing address of _224 Camp Horne Road_ City of _Emsworth_, _____ and Zip Code of _15202_

Consumer(s) Initials _____                                                Page | 6

DO NOT WRITE BELOW THIS LINE
**********************************************************************************
THIS SECTION IS FOR INTERNAL USE ONLY

LENDER: If you are in agreement with the Modified Terms, please sign in the space provided below of this Loan Modification Agreement.

Wilmington Savings Fund Society, FSB, As Owner Trustee of the Residential Credit Opportunities Trust IX-B
By: American Mortgage Investment Partners Management, LLC, as Attorney in Fact

By: _____          _____
    Name: Tom French                                                                   Date
    Title: Director, Asset Management

POA Recorded: _____.

## CORPORATE ACKNOWLEDGEMENT

*A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

STATE OF CALIFORNIA
COUNTY OF ORANGE

On _____before me, _____the undersigned Notary Public, personally appeared Tom French, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he voluntarily executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted, voluntarily executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_____
Notary Public

Notary Public for the County of _____ State of _____ My Commission Expires: _____ )

(Seal)

Consumer(s) Initials _____                                                                Page | 7

<u>Legal Description – Exhibit A</u>

APN/Tax Parcel Number(s): 0276-F-00146-0000-00, Borough of Emsworth

ALL that certain lot or parcel of ground situate in Borough of Emsworth, County of Allegheny and Commonwealth of Pennsylvania, being Lot No. 2 in the Shields Plan of Lots laid out for John P. Shields and Rosella Shields of record in the Recorder's Office of Allegheny County in Plan Book Volume 70, Page 143. BEING designated as

Block and Lot No. 276-F-146.

Consumer(s) Initials _____